UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN-ARAB ANTI-DISCRIMINATION COMMITTEE, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>  Defendants. | Case No. 23-12436<br>Honorable Laurie J. Michelson |

### ORDER DENYING PLAINTIFFS' *EX PARTE* MOTION FOR PRELIMINARY INJUNCTION [2]

On September 26, 2023, Plaintiffs filed a complaint for declaratory and injunctive relief pertaining to the potential admission of Israel into the U.S. Visa Waiver Program. (ECF No. 1.) The complaint has yet to be served. Also on September 26, 2023, at 4:35 P.M., Plaintiffs filed an emergency motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a), asking the Court to order the requested injunctive relief. (ECF No. 2.) This motion has also not been served, and thus Plaintiffs are seeking a preliminary injunction without any notice to the Defendants and without any opportunity for the Defendants to be heard.

Plaintiffs, however, have provided no authority to support the issuance of an *ex parte* preliminary injunction at this stage. Indeed, Rule 65 provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Courts treat this as a mandatory notice requirement. *See, e.g.*,

*Dunbar v. Prelesnik*, No. 13-cv-1100, 2015 U.S. Dist. LEXIS 37709, at * 9 (W.D. Mich. Mar. 11, 2015), *adopted by* 2015 U.S. Dist. LEXIS (W.D. Mich. Mar. 25, 2015) ("As an initial matter, [plaintiff's] request seeks an *ex parte* preliminary injunction. The Court may not issue an *ex parte* preliminary injunction." (citing *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 130–31 (5th Cir. 1990) ("The courts consistently have treated rule 65(a)(1) as mandatory and have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law.") and *Consolidation Coal Co. v. Disabled Miners of S. West Virginia*, 442 F.2d 1261, 1269 (4th Cir. 1971) (court's issuance of *ex parte* preliminary injunction "was manifestly error, because Rule 65(a)(1) is explicit that 'no preliminary injunction shall be issued without notice to the adverse party'"))).

 The Court understands the emergency nature of Plaintiffs' request and, upon proper service and demonstration of jurisdiction, the motion, should it be refiled, will be handled as expeditiously as is warranted.

Thus, for the reasons stated, the *ex parte* motion for preliminary injunction is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: September 26, 2023

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE