# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AMERICAN-ARAB ANTI-
DISCRIMINATION COMMITTEE,
a nongovernmental organization; and
ADAM SHAPIRO, ANAS
SHAWKAT MUSEITEF, HAIDAR
DARWISH, and MOHAMMED
AHMED ABUJAYYAB,

          Plaintiffs,

v.

DEPARTMENT OF HOMELAND
SECURITY, a federal agency, and
DEPARTMENT OF STATE, a federal
agency,

          Defendants.

Case No. 23-12436
Honorable Laurie J. Michelson

| PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER AND STAY |
|---|

_____

Huwaida Arraf (NY Bar 4707220)
1394 E. Jefferson Ave.
Detroit, MI 48207
Tel: 313.567-6170
Email: huwaida.arraf@gmail.com
*Attorney for Plaintiffs*

Samuel W. Jarjour (IN Bar 15468-02)
7824 Coldwater Road
Fort Wayne, IN 46825
Tel: (260) 420-2333
Fax: (260) 420-2335
Email: sam@jarjourlaw.com
*Attorney for Plaintiffs*

**PLAINTIFFS' RENEWED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER AND STAY**

Plaintiffs hereby move this Court, pursuant to Federal Rule of Civil Procedure 65(a) and (b), for a preliminary injunction, or in the alternative, a temporary restraining order (TRO) enjoining Defendants Department of Homeland Security (DHS) and the Department of State (DoS) from admitting Israel into the U.S. Visa Waiver Program ("VWP") on the grounds outlined in the Memorandum of Understanding signed between Defendants and the Government of Israel (MOU), which MOU establishes a scheme by which Israel is permitted to discriminate against American citizens based on their ethnicity. In support of their motion, Plaintiffs state the following:

1.      On Monday, September 26, 2023, Plaintiffs filed their *Complaint for Declaratory and Injunctive Relief*, pursuant to the Administrative Procedures Act, requesting that the Court find that the July 19, 2023 MOU signed by Defendants is arbitrary, capricious, and not in accordance with law and will cause Plaintiffs irreparable injury for which monetary damages are not sufficient, measurable or available. [ECF No. 1].

2.      Contemporaneous with the filing of their complaint, Plaintiffs filed an emergency motion seeking a preliminary injunction. [ECF No. 2, Pls' Emergency Motion for Preliminary Injunction].

3.      At the time that Plaintiffs filed their emergency motion, the Court had not yet issued summonses for Defendants and, therefore, Defendants had not yet been properly served.

4.      However, immediately after filing the complaint and emergency motion, Plaintiffs' counsel sent an email to both the Department of Homeland Security's Office of General Counsel and to the Department of State's Office of the Legal Advisor, informing them of the lawsuit, providing them with filed copies of both the *Complaint for Declaratory and Injunctive Relief* and *Plaintiffs' Emergency Motion for Preliminary Injunction,* letting them know that they would be properly served as soon as the Court issues the summonses, and asking them to refrain from taking any action that would preempt judicial review. [Exh. 1, HA email to Defendants, 9-26-2023].[1]

5.      On September 26, 2023, the Court denied without prejudice Plaintiff's emergency motion on the basis that Defendants had not yet been served with the complaint or the emergency motion and, as such, had not been given notice or an opportunity to be heard. [ECF No. 3, Order Denying Emergency Motion].

---

[1] The email to the Department of State's Office of the Legal Advisor was returned as undeliverable because even though Plaintiffs' counsel used the email address provided to the public on Defendant DoS's website (*see* https://www.state.gov/contact-us-office-of-the-legal-adviser/), said address "only accepts messages from people in its organization or on its allowed senders list, and [Plaintiffs' counsel's] email address isn't on the list." [Exh. 2, Email delivery error report].

6.      Plaintiffs anticipate the Court will issue the summonses for Defendants on September 27, 2023, at which time they will arrange for immediate service of process on Defendants.

7.      However, even though Plaintiffs expect to serve Defendants on September 27, 2023, time may still be insufficient to allow Defendants to be heard as, at 8:00 a.m. today, Wednesday, September 27, 2023, Defendants announced the decision to admit Israel into the U.S Visa Waiver Program.[2]

8.      Defendant DHS proceeded with the announcement of Israel's admittance into the Visa Waiver Program despite having notice of this action. [*see* Exh 3, Arraf Affidavit].

9.      While FRCP 65(a)(1) requires notice to Defendants before a court may issue a preliminary injunction, FRCP 65(b) allows a court to issue a temporary restraining order without written or oral notice to the adverse party, upon the satisfaction of two requirements:

  (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[2] *See* Ben Samuels and Amir Tibon, *In Historic Move, Israel Accepted into U.S. Visa Waiver Program,* HAARETZ, (Sept. 27, 2023, 3:00 p.m. IDT) https://www.haaretz.com/israel-news/2023-09-27/ty-article/.premium/in-historic-move-israel-accepted-into-u-s-visa-waiver-program/0000018a-d67b-d7c4-ab8e-fe7bb92d0000.

Fed.R.Civ.P. 65(b).

10.    In satisfaction of the first requirement, Plaintiffs attach as Exhibit 4, the affidavit of Plaintiff Adam Shapiro, Director of Advocacy for Israel/Palestine at the nongovernmental organization, Democracy for the Arab World Now (DAWN), who has spent the last nine months engaging with Palestinian-American citizens and agents of Defendants regarding the harm that will be caused by Israel's entry into the Visa Waiver Program without guarantees of reciprocal privileges for all U.S. citizens, including Palestinian-Americans. [Exh 4, Shapiro Affidavit].

11.    In satisfaction of the second requirement, Plaintiffs attach as Exhibit 3, the undersigned's affidavit, detailing efforts to give notice and why it shouldn't be required. [Exh 3, Arraf Affidavit].

12.    Given the urgent nature of the issues raised in Plaintiffs' complaint and this motion, the irreparable harm that will come to Plaintiffs if relief is withheld, and the likelihood that any delay in granting the requested relief would mean that the agency action challenged in Plaintiffs complaint will no longer be subject to judicial review, Plaintiffs respectfully request that this Court issue a preliminary injunction enjoining Defendants from admitting Israel into the Visa Waiver Program, pending adjudication of Plaintiffs' claims on the merits.

13.    In the alternative, should this Court determine that notice to Defendants' does not satisfy the requirement of FRCP 65(a)(1), Plaintiffs

respectfully request that the Court enter a temporary restraining order for a period of 14 days, during which time Defendants will have received sufficient notice and have an opportunity to be heard.

14.     Additionally, as Defendants this morning announced Israel's entry into the Visa Waiver Program, despite knowledge of this lawsuit, Plaintiffs also request that this Court, pursuant to 5 U.S.C. § 705, stay implementation of Israel's admittance into the program, pending judicial review.

15.     As more fully explained in the accompanying brief, Plaintiffs meet the criteria for the requested relief, namely (1) the likelihood of Plaintiffs' success on the merits; (2) irreparable harm that Plaintiffs will suffer if relief is not granted; (3) balance of equities that weigh in Plaintiffs' favor; and (4) a showing that a preliminary injunction or temporary restraining order and stay is in the public interest.

16.     Local Rule 7.1(a) requires Plaintiffs to ascertain whether this motion will be opposed. However, due to the emergent nature of the relief that Plaintiffs request herein, Plaintiffs have not been able to obtain Defendants' concurrence with the relief they seek. ED Mich. LR 7.1(a)(2)(c).

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above and more fully set forth in the *Brief in Support of Plaintiffs' Emergency Motion for Temporary Injunction or Restraining Order and*

*Stay*, filed herewith, Plaintiffs request that this Honorable Court grant their request for a preliminary injunction or, in the alternative, for a temporary restraining order immediately and without a hearing, pursuant to FRCP 65(b). Plaintiffs further request that the Court stay implementation of Israel's entry into the Visa Waiver Program that was announced this morning.

<div align="center">Respectfully submitted,</div>

/s/Huwaida Arraf_____

Huwaida Arraf (NY Bar 4707220)
1394 E. Jefferson Ave.
Detroit, MI 48207
Tel: (313) 567-6170
Email: huwaida.arraf@gmail.com
*Attorney for Plaintiffs*

/s/Samuel W. Jarjour_____

Samuel W. Jarjour (IN Bar 15468-02)
7824 Coldwater Road
Fort Wayne, IN 46825
Tel: (260) 420-2333
Fax: (260) 420-2335
Email: sam@jarjourlaw.com
*Attorney for Plaintiffs*

Dated: September 27, 2023

## **<u>CERTIFICATE OF SERVICE</u>**

I affirm that Plaintiffs' Renewed Emergency Motion for Preliminary Injunction or Temporary Restraining Order and Stay, and accompanying Brief in Support will be served concurrently with, and in the same manners as, the service of the Summons and Complaint in this matter.

<div style="margin-left: 40%;">

*/s/Huwaida Arraf*
Huwaida Arraf
*Attorney for Plaintiffs*

</div>

Dated: September 27, 2023

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AMERICAN-ARAB ANTI-
DISCRIMINATION COMMITTEE;
a nongovernmental organization; and
ADAM SHAPIRO, ANAS
SHAWKAT MUSEITEF, and
HAIDAR DARWISH,

                Plaintiffs,

v.

DEPARTMENT OF HOMELAND
SECURITY, a federal agency, and
DEPARTMENT OF STATE, a federal

agency,

                Defendants.

Case No. 23-12436
Honorable Laurie J. Michelson

> **BRIEF IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER AND STAY**

_____

Huwaida Arraf (NY Bar 4707220)
1394 E. Jefferson Ave.
Detroit, MI 48207
Tel: 313.567-6170
Email: huwaida.arraf@gmail.com
*Attorney for Plaintiffs*

Samuel W. Jarjour (IN Bar 15468-02)
7824 Coldwater Road
Fort Wayne, IN 46825
Tel: (260) 420-2333
Fax: (260) 420-2335
Email: sam@jarjourlaw.com
*Attorney for Plaintiffs*

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ........................................................................... iii

    I.    INTRODUCTION ........................................................................1

    II.   STATEMENT OF FACTS ...........................................................2

    III.  LEGAL AUTHORITY ................................................................3

          A. Judicial Review Under the Administrative Procedures
              Act ...............................................................................3

          B. Criteria for Preliminary Injunctions, Temporary
              Restraining Orders, and Stays ...............................................4

    IV.  ARGUMENT ................................................................................6

          A. Plaintiffs are Likely to Succeed on the Merits Because
              the MOU is Subject to Judicial Review and is Patently
              Unlawful ..................................................................6

          B. Plaintiffs will be Irreparably Harmed if the Requested
              Relief is not Granted ............................................................8

          C. The Balance of Equities and Public Interest Weigh in
              Plaintiffs' Favor .................................................................9

    V.   CONCLUSION AND REQUEST FOR RELIEF.....................11

CERTIFICATE OF SERVICE...................................................................12

# INDEX OF AUTHORITIES

## Federal Cases

*Am. Assn. of Political Consultants v. U.S. Small Bus. Administration*,
   613 F. Supp. 3d 360 (D.D.C. 2020) ........................................................5

*Bennett v. Spear*, 520 U.S. 154 (1997)............................................................4

*Barnes v. E-Sys., Inc. Group Hosp. Med. & Surgical Ins. Plan*,
   501 U.S. 1301 (1991) ..................................................................8

*City of Dearborn v. Comcast of Mich.*,
   558 F. Supp. 2d 750 (E.D. Mich. 2008) ..................................................5

*Corning Sav. and Loan Ass'n v. Fed. Home Loan Bank Bd.*,
562 F. Supp. 279 (E.D. Ark. 1983) ..................................................6

*DV Diamond Club of Flint, LLC v. U.S. Small Bus. Administration*,
   459 F. Supp. 3d 943 (E.D. Mich. 2020) ....................................................5

*Ohio Republican Party v. Brunner*, 543 F.3d 357 (6th Cir. 2008)..................5

 *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7 (2008) ...........................5

*In re DeLorean Motor Co.*, 755 F.2d 1223 (6th Cir. 1985) ...........................5

## Federal Statutes

5 U.S.C. § 551(2)............................................................................. 6

5 U.S.C. § 551(13)........................................................................... 4

5 U.S.C.  § 553 .................................................................................8

5 U.S.C. § 701 .................................................................................3

5 U.S.C. § 702 ................................................................................4,6

5 U.S.C. § 704 ................................................................................4,7

5 U.S.C. § 705 ..................................................................................3,5,6

5 U.S.C. § 706(2)(A) ...............................................................................8

8 U.S.C. § 1187 .......................................................................................1

8 U.S.C. § 1187(a)(2)(A).........................................................................3,7

## **Federal Rules**

Fed.R.Civ.P. 65 .....................................................................................16

Fed.R.Civ.P. 65(a)................................................................................16

Fed.R.Civ.P. 65(b)............................................................................16,23

## I.   INTRODUCTION

The Department of Homeland Security (DHS) and Department of State (DoS) (hereinafter, collectively, "Defendants") have indicated that Israel will be admitted into the U.S. Visa Waiver Program (VWP) before the deadline of September 30, 2023, and information from sources inside these agencies suggest that the decision is imminent, i.e. within the next one to two days. Once the determination is made and Israel is listed as a VWP country, the opportunity for judicial review will have passed, as the listing of a country into the VWP statute has been determined to be a matter exempt from APA review as a matter of foreign policy. *See*, 86 FED. REG. 54030 (September 30, 2021).

The Memorandum of Understanding (MOU) signed by Defendants on July 19, 2023, changes the rule of "reciprocal privileges" for U.S. citizens set forth in the VWP statute—8 U.S.C. § 1187—by establishing different classes of U.S. citizens, effectively creating a "separate but equal" standard, though as Plaintiffs' complaint indicates, the MOU does not establish equal treatment. This Court has the authority and the opportunity to provide immediate relief by issuing a preliminary injunction preventing Defendant DHS from approving Israel for entry into the VWP program on the grounds outlined in the July 19, 2023 MOU—an unlawful agreement that enshrines discrimination of U.S. citizens on the basis of national or ethnic identities.

## II.   STATEMENT OF FACTS

On September 26, 2023, Plaintiffs filed their *Complaint for Declaratory and Injunctive Relief*, seeking judicial review of the Memorandum of Understanding between the United States and the Government of Israel ("MOU"), that was signed on July 19, 2023. Said MOU constitutes the "final agency action" delineating the rights and treatment of U.S. citizens traveling to Israel upon Israel's acceptance into the VWP.

The MOU establishes different classes of U.S. citizens subject to different treatment by the State of Israel. In particular, the MOU singled out various categories of Palestinian-Americans based on their "residency" within the occupied Palestinian territory (oPt)—i.e. the West Bank, not including East Jerusalem, and the Gaza Strip, to which different rules and regulations would apply. Specifically, through the MOU, Defendants permit the Government of Israel to apply differential treatment to U.S. citizens who are "residents" of the occupied West Bank, not including East Jerusalem; U.S. citizens who are residents of the occupied Gaza Strip; U.S. citizens who are registered on the PPR but not resident in either the West Bank or Gaza Strip; and U.S. citizens who are not of Palestinian nationality.

Defendants' decision to enter into an agreement that allows the Government of Israel to create different classes of U.S. citizens and treat them disparately in a way that is not reciprocal with how the U.S. treats Israeli citizens—effectively

creating a rule regarding reciprocity that is different from the final rule of the VWP statute—is arbitrary, capricious, and a violation of the plain text of 8 U.S.C. § 1187(a)(2)(A). Further, the MOU's establishment of different classes of U.S. citizens is contrary to U.S. laws related to equality of all citizens. Plaintiffs *Complaint for Declaratory and Injunctive Relief* seeks, among other things, an injunction preventing Defendant DHS from admitting Israel into the VWP based on the unlawful grounds set forth in the MOU.

Shortly before this filing, at 8:00 a.m. on September 27, 2023, Defendants announced Israel's entry into the Visa Waiver Program. Should this advance to Defendant DHS adding Israel to the list of Visa Waiver Program countries, Defendants' arbitrary and capricious action may no longer be reviewable by this Court and Plaintiffs will be irreparably harmed by the permanent enshrinement of their disparate treatment and discrimination. Therefore, Plaintiffs urge this Court to order a preliminary injunction or, in the alternative, a temporary restraining order, until the merits of Plaintiffs' complaint can be fully adjudicated. 5 U.S.C. § 705.

## III.    LEGAL AUTHORITY

### A. <u>Judicial Review Under the Administrative Procedures Act</u>.

The Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et. seq.*, provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to

judicial review[.]" 5 U.S.C. § 702. However, judicial review under the APA is limited to, as is relevant here, an agency action that is "final" and "there is no other adequate remedy in a court" with respect to that action. 5 U.S.C. § 704. The APA defines "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act[.]" 5 U.S.C. § 551(13). Although finality is not defined in the APA, the Supreme Court has held that an agency action is considered "final" when it marks the "consummation of the agency's decisionmaking process" and the action is one by which "rights or obligations have been determined or from which legal consequences flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).

### B. <u>Criteria for Preliminary Injunction, Temporary Restraining Order, and Stay.</u>

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions and temporary restraining orders. Fed.R.Civ.P. 65. The issuance of a preliminary injunction requires notice to the adverse party, whereas a court may issue a temporary restraining order without notice, provided that two criteria are met. Fed.R.Civ.P. 65(a)(1), (b)(1).  A temporary restraining order may issue without notice to the adverse party, if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1)(A), (B).

Plaintiffs seeking a preliminary injunction must establish: (1) that they are likely to succeed on the merits of their claims; (2) that plaintiffs are likely to suffer irreparable harm in the absence of relief; (3) that the balance of equities weighs in their favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). "The [c]ourt considers the same factors in deciding whether to issue a temporary restraining order as it does when deciding whether to issue a preliminary injunction." *Am. Assn. of Political Consultants v. U.S. Small Bus. Administration*, 613 F. Supp. 3d 360, 365 (D.D.C. 2020), *aff'd,* 810 Fed. Appx. 8 (D.C. Cir. 2020) (unpublished); *see DV Diamond Club of Flint, LLC v. U.S. Small Bus. Administration*, 459 F. Supp. 3d 943, 954 (E.D. Mich. 2020). A court must balance each of the four factors and "no single factor is dispositive." *City of Dearborn v. Comcast of Mich.*, 558 F. Supp. 2d 750, 754 (E.D. Mich. 2008). Where, as here, plaintiffs demonstrate "irreparable harm which decidedly outweighs any potential harm to the defendant," the "degree of likelihood of success required" is less, and a plaintiff need only show "serious questions going to the merits." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

5 U.S.C. § 705, provides, in pertinent part:

On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court…may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

"The test to be applied as to whether a stay should be entered is the same as that which applies to requests for preliminary injunctions." *Corning Sav. and Loan Ass'n v. Fed. Home Loan Bank Bd.*, 562 F. Supp. 279, 280 (E.D. Ark. 1983).

## IV.   ARGUMENT

### A. Plaintiffs are Likely to Succeed on the Merits Because the MOU is Subject to Judicial Review and is Patently Unlawful.

The MOU that Plaintiffs challenge in their *Complaint for Declaratory and Injunctive Relief* is judicially reviewable under the APA 5 U.S.C. § 702, because Plaintiffs are persons and organizations[3] representing persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute…." Plaintiffs are therefore entitled to judicial review of the agency action—i.e. the MOU—adversely affecting or aggrieving them. 5 U.S.C. § 702. The MOU, signed by Defendants on July 19, 2023, is not a "preliminary, procedural, or intermediate agency action or ruling," but rather constitutes "final agency action" with regard to the treatment of U.S. citizens by the

---

[3] The APA defines "person" to include an individual, partnership, corporation, association, or public or private organization other than an agency. 5 U.S.C. § 551(2).

State of Israel and has been implemented since July 20, 2023. 5 U.S.C. § 704. The next step  is for Defendant DHS to certify and list Israel in the VWP, an action that has been determined to be outside the scope of judicial review under the APA. *See*, 86 F<small>ED</small>. R<small>EG</small>. 54030 (September 30, 2021). Thus, the MOU represents the final agency action concerning U.S. citizens that is eligible for judicial review.

As Plaintiffs set forth in their complaint, the MOU is unlawful as it establishes discriminatory rules and procedures against United States citizens to participate in the VWP when traveling to Israel and thus violates the VWP rule of reciprocity and constitutional guarantees of equality. [ECF No. 1, Compl., ¶¶ 2-10,47]. Indeed, the MOU creates multiple classes of U.S. citizens based on ethnic and national identities [ECF No. 1, Compl.,  ¶¶3,8-9][4] and, in so doing, violates the clear text of the VWP statute requiring reciprocal treatment of U.S. citizens and unconstitutionally sanctions the disparate and discriminatory treatment of U.S. citizens. Neither DHS nor DOS have discretion to change the rules of the VWP, which they did by either altering the meaning of "reciprocal privileges" set forth in 8 U.S.C. § 1187(a)(2)(A)

---

[4] Specifically, the MOU permits the Government of Israel to apply differential treatment to U.S. citizens who are "residents" of the occupied West Bank, not including East Jerusalem; U.S. citizens who are residents of the occupied Gaza Strip; U.S. citizens who are registered on the PPR but not resident in either the West Bank or Gaza Strip; and U.S. citizens who are not of Palestinian nationality. [ECF No. 1, Compl., ¶8].

or foregoing the requirement in its entirety and, therefore, their action in signing the MOU, was arbitrary, capricious, and contrary to law.

As a reviewing court must set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), Plaintiffs are sure to succeed on the merits of their complaint.

### B. __Plaintiffs will be Irreparably Harmed if the Requested Relief is not Granted__.

On the morning of September 27, 2023, Defendants announced approval of Israel's entry into the VWP.[5] If this action progresses to the official addition of Israel to the list of Visa Waiver Program countries,[6] Defendants' arbitrary and capricious action in signing the MOU may no longer be reviewable by this Court. *See* FED. REG. 54030 (September 30, 2021) (describing the agency action of adding a country to the list of VWP countries as a "technical change" with "no substantive impact" and therefore not subject to the notice and comment period; as well as an action that is excluded from the rulemaking provisions of 5 U.S.C. § 553 as a foreign affairs function of the United States).

---

[5] Ben Samuels and Amir Tibon, *In Historic Move, Israel Accepted into U.S. Visa Waiver Program,* HAARETZ, (Sept. 27, 2023, 3:00 p.m. IDT) https://www.haaretz.com/israel-news/2023-09-27/ty-article/.premium/in-historic-move-israel-accepted-into-u-s-visa-waiver-program/0000018a-d67b-d7c4-ab8e-fe7bb92d0000

[6] To the best of Plaintiffs' knowledge, this has not yet happened.

In their complaint, Plaintiffs thoroughly detail the harm caused to them by Israel's entry into the Visa Waiver Program on the grounds outlined in the MOU. [ECF No. 1, Compl.] Plaintiff Shapiro further explains this harm in his affidavit, attached hereto. [Exh. 4, Shapiro Affidavit].[7] If this Court denies Plaintiffs the relief sought herein, Plaintiffs will be irreparably harmed by the permanent enshrinement of their disparate treatment and discrimination, with no way to challenge such discriminatory treatment.

## C. **The Public Interest and Balance of Equities Weigh in Plaintiffs' Favor.**

When deciding a motion for a preliminary injunction, it is necessary for the court "to explore the relative harms to applicant and respondent, as well as the interests of the public at large." *Barnes v. E-Sys., Inc. Group Hosp. Med. & Surgical Ins. Plan*, 501 U.S. 1301, 1305 (1991) (citation and internal quotation marks omitted).

---

[7] *See also* Letter from U.S. Senators expressing deep concern that Defendants have decided to move forwarded with admitting Israel into the Visa Waiver Program in violation of the principle of reciprocity and equal treatment of all U.S. citizens. "VAN HOLLEN, SCHATZ, MERKLEY, WELCH RELEASE STATEMENT ON DESIGNATION OF ISRAEL TO VISA WAIVER PROGRAM," *available at*: https://www.vanhollen.senate.gov/news/press-releases/van-hollen-schatz-merkley-welch-release-statement-on-designation-of-israel-to-visa-waiver-program.

In this case, the harm that will befall Plaintiffs by being permanently subjected to disparate and discriminatory treatment based on their ethnicity, considerably outweighs any potential harm to Defendants. Plaintiffs DARWISH, ABUJAYYAB and MUSEITEF have already suffered significant harm—physical, psychological and financial—as a result of the measures enshrined in the MOU. [Compl., ¶¶39-42]. The balance of equities and the public interest weigh heavily in favor of preventing similar future harm to Plaintiffs and to other U.S. citizens of Palestinian descent.

Plaintiffs can conceive of no harm that will come to Defendants if they are compelled to delay making a decision on Israel's entry into the VWP until the merits of Plaintiffs' claims are fully adjudicated. To the extent that Defendants may claim an economic harm based on projected benefit to the U.S. economy that may come from Israel being admitted into the VWP, this is not a direct harm to Defendants. And, while the public certainly has an interest in a boost to the U.S. economy, such a boost is only speculative, at best. Neither Defendants, nor the public at large will face actual harm or hardship by the relief requested herein. Furthermore, any potential economic interest is far outweighed by the harm that would be done to Plaintiffs herein and to all U.S. citizens should the U.S. government sanction discrimination against its citizens, by a foreign country, based on ethnicity. Indeed, such a move would contravene the fundamental principles of this country as well as

the pride and protection that a U.S. passport affords to those fortunate enough to have one.

Given the strong likelihood that Plaintiffs will prevail on the merits of their claims, the irreparable harm Plaintiffs will suffer if relief is not granted, and the balance of equities and public interest that tip heavily in favor of relief, Plaintiffs meet the criteria for a preliminary injunction or, in the alternative, a restraining order and stay temporarily enjoining Defendants from proceeding with Israel's entry into the Visa Waiver Program until Plaintiffs' claims can be adjudicated on their merits.

## V. CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiffs respectfully request that this Honorable Court GRANT their motion for a preliminary injunction or, in the alternative, for a temporary restraining order immediately and without a hearing, pursuant to FRCP 65(b). Plaintiffs further request that the Court stay implementation of Israel's entry into the Visa Waiver Program announced this morning.

Respectfully submitted,

*/s/ Huwaida Arraf*
Huwaida Arraf (NY Bar 4707220)
1394 E. Jefferson Ave.
Detroit, MI 48207
Tel: (313) 567-6170
Email: huwaida.arraf@gmail.com
*Attorney for Plaintiffs*

Dated: September 27, 2023

*/s/ Samuel W. Jarjour*
Samuel W. Jarjour (IN Bar 15468-02)
7824 Coldwater Road
Fort Wayne, IN 46825
Tel: (260) 420-2333
Fax: (260) 420-2335
Email: sam@jarjourlaw.com
*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I affirm that this Brief in Support of Plaintiffs' Renewed Emergency Motion for Preliminary Injunction or Temporary Restraining Order and Stay, and accompanying motion will be served concurrently with, and in the same manners as, the service of the Summons and Complaint in this matter.

<div align="center" style="text-align:left; margin-left:50%">

*/s/Huwaida Arraf*
Huwaida Arraf
*Attorney for Plaintiff*s

</div>

Dated: September 27, 2023